UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

BETTY MORRIS and DONALD REED,
on behalf of themselves, and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                            Case No.:

US FOODS, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs, Betty Morris and Donald Reed (hereinafter, referred to as the "Plaintiffs"), file this Class Action Complaint alleging US Foods, Inc. ("Defendant") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide them with a COBRA notice that complies with the law.

    1.    Despite having access to the Department of Labor's Model COBRA form, a copy of which is attached as Exhibit "A," Defendant chose not to use the model form— presumably to save Defendant money by pushing terminated employees away from electing COBRA.[1]

    2.    Put another way, instead of utilizing the DOL Model Notice and sending a single COBRA notice "written in a manner calculated to be understood by the average plan participant" containing all information required by law, to save money Defendant instead opted to break the information into multiple documents, mailed separately under different cover, containing bits and

---

[1] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

pieces of information on COBRA, both of which are still missing critical information. In fact, the DOL Model Notice was designed to avoid precisely the issues caused by Defendant confusing and piecemeal COBRA rights notification process.

3.     The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiffs. It also caused Plaintiffs economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

4.     Defendant, the plan sponsor and plan administrator of the US Foods Health & Welfare Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5.     Defendant's COBRA notice and process violates the law. Rather than including all information required by law in a single notice, written in a manner calculated to be understood by the average plan participant, Defendant's COBRA notification process instead offers only part of the legally required information in haphazard and piece-meal fashion.

6.     For example, Defendant's "COBRA Enrollment Notice," sent to Plaintiffs and attached as Exhibit "B," violates 29 C.F.R. § 2590.606-4(b)(4)(v) because Exhibit "B" ***itself*** never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes).

7.     Instead, Exhibit "B" merely directs plan participants to a "catch-all" general H.R. phone number to enroll in COBRA, and website, operated by a third-party guised as Defendant benefits department, rather than explaining how to actually enroll in COBRA. But Exhibit "B" contains no instructions on how to actually enroll if one calls the phone number, or when one visits the website.

8.     Additionally, Exhibit "B" violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails

to identify the plan administrator. It also violates 29 C.F.R. § 2590.606-4(b)(4)(i) by failing to identify the name of the plan, US Foods Health & Welfare Benefit Plan. Furthermore, Exhibit "B" violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

9. Because Exhibit "B" omits the above critical pieces of information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant."

10. To compound the confusion, Defendant sent Plaintiffs a second letter, attached as Exhibit "C," containing information on COBRA in a document labeled "Important Information About Your COBRA Continuation Coverage." The two documents were mailed under separate cover, only further adding to the confusion. And, while Exhibit "C" contains some of the information missing from Exhibit "B," it does not contain all of it.

11. As a result of receiving the COBRA enrollment notice, and the subsequent letter attached as Exhibit "C," Plaintiffs failed to understand the notice and, thus, Plaintiffs could not make an informed decision about their health insurance and lost health coverage.

12. Plaintiffs suffered tangible injuries. Plaintiffs lost their health insurance coverage due to Defendant deficient COBRA forms. In addition to a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

13. Additionally, Plaintiffs were forced to forego necessary medical care because they lost their health insurance benefits.

14. Defendant deficient COBRA notice also caused Plaintiffs an informational injury when Defendant failed to provide them with information to which they were entitled to by statute,

namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiffs and the class members they seek to represent by failing to provide all information in its notice required by COBRA.

15. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiffs seek statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION, VENUE, AND PARTIES

16. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

17. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District, venue is also proper.

18. Plaintiffs are former employees of Defendant. Both were covered under Defendant's Health Plan, making both participants/beneficiaries under the Plan.

19. Both Plaintiffs experienced a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering them qualified beneficiaries of the Plan pursuant to 29 U.S.C. § 1167(3).

20. Defendant is an Illinois corporation but is registered to do business in the State of Florida. Defendant employed more than 20 employees who were members of the Plan in each year from 2012 to 2018.

21. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B),

and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

22. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

23. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

24. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

25. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

26. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

27. To facilitate compliance with notice obligations, the United States Department of

Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. (See Exhibit "A"). The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

28. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

*Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

29. Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

    a. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

    b. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;**

    c. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to identify the name of the plan under which continuation coverage is available, namely the "US Foods Health & Welfare Benefit Plan";**

    d. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(vi) because**

6

> **it fails to provide all required explanatory information. For example, there is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act; and, finally,**
>
> **e. Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

30. Defendant's COBRA notice confused Plaintiffs and resulted in their inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiffs did not understand the notice and, further, Plaintiffs were unable to elect COBRA because of Defendant's confusing and incomplete COBRA notice.

31. Defendant's attempt to cure the above deficiencies with a separate COBRA form, attached as Exhibit "C," only adds to the confusion. As a result, Plaintiffs could not make an informed decision about their health insurance and lost health coverage.

### *Facts Specific to Named Plaintiff Donald Reed*

32. Plaintiff, Donald Reed was employed by Defendant for approximately 7 years during which time he obtained medical insurance for himself through Defendant's group health plan.

33. In May 2017, Plaintiff went out on medical leave.

34. In or around November 2017, Plaintiff Reed's employment was terminated. Mr. Reed was not terminated for "gross misconduct" and was therefore eligible for continuation coverage.

35. Plaintiff Reed's termination was a qualifying event (termination of employment), which triggered Defendant's COBRA obligations.

36. Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail him the deficient COBRA enrollment notice attached hereto as Exhibit

"B."  Also, Defendant caused Alight to mail Plaintiff its "Important Information About Your COBRA Continuation Coverage", containing some – but not all – of the information missing from its COBRA enrollment notice.

37. The deficient COBRA notice that Plaintiff Reed received was violative of COBRA's mandates for the reasons set forth herein.

38. Defendant has in place no administrative remedies Plaintiff Reed was required to exhaust prior to bringing suit.

39. Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

40. Plaintiff Reed suffered a tangible injury in the form of lost health insurance coverage.

41. Plaintiff Reed suffered a tangible injury in the form of lost prescription benefits. Specifically, Plaintiff Reed was unable to obtain prescription medications necessary for the treatment of his underlying health conditions.

42. Plaintiff Reed suffered a tangible injury in the form of lost medical treatment. Specifically, Plaintiff was unable to obtain medical care for his underlying health conditions.

43. Plaintiff Reed also suffered a tangible injury in that he lost control over his own medical treatment, including the ability to continue treating with his prior health care providers and the ability to select his future health care providers.  Ultimately, the only healthcare options available to Plaintiff Reed were "free" clinics.

44. Plaintiff Reed also suffered injury in the form of stress and anxiety created by the loss of his health insurance coverage.

45. Finally, Plaintiff Donald Reed suffered an informational injury as a result of Defendant's COBRA notice because he was never provided all information to which he was

entitled by 29 C.F.R. § 2590.606-4(b).

### *Facts Specific to Named Plaintiff Betty Morris*

46.     Plaintiff Morris worked for Defendant for approximately 42 years, and, during that time, was also a participant in Defendant's health plan.

47.     On or around June 4, 2017, Plaintiff Morris's employment was terminated. Ms. Morris was not terminated for "gross misconduct" and was therefore eligible for continuation coverage.

48.     Plaintiff Morris's termination was a qualifying event (termination of employment), which triggered Defendant's COBRA obligations.

49.     Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Plaintiff the deficient COBRA enrollment notice attached hereto as Exhibit "B." Also, Defendant caused Alight to mail Plaintiff Morris the attached "Important Information About Your COBRA Continuation Coverage", containing some – but not all – of the information missing from its COBRA enrollment notice.

50.     The deficient COBRA notice that Plaintiff Morris received was violative of COBRA's mandates for the reasons set forth herein.

51.     Defendant has in place no administrative remedies Plaintiff Morris was required to exhaust prior to bringing suit.

52.     Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

53.     Plaintiff Morris suffered a tangible injury in the form of loss of insurance coverage for her and her daughter due to Defendant's deficient COBRA election notice.

54.     Plaintiff Morris suffered a tangible injury in the form of lost medical treatment. Specifically, Plaintiff Morris did not seek medical treatment because she did not have insurance

coverage due to Defendant's deficient COBRA election notice.

55. Finally, Plaintiff Morris suffered an informational injury as a result of Defendant's COBRA notice because she was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

### *Violation of 29 C.F.R. 29 C.F.R. § 2590.606-4(b)(4)(v)*
### *Failure to explain how to enroll in COBRA*

56. The governing statute clearly requires that "[t]he notice … shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:…(v) [a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made."  29 C.F.R. § 2590.606-4(b)(4)(v).

57. As a threshold matter, Defendant's COBRA Enrollment Notice (Exhibit "B") fails to adequately explain the procedures for electing coverage.  Defendant's "Important Information About Your COBRA Continuation Coverage Rights (Exhibit "C") doesn't either.  By failing to including explain the procedures for electing coverage, Defendant interfered with Plaintiffs' ability to elect COBRA continuation coverage.  And, furthermore, by failing to adequately explain the procedures for electing coverage, Defendant prevented Plaintiffs from understanding their rights under COBRA and how to make an informed decision about continuation coverage.

58. Instead, Defendant's COBRA enrollment notice merely directs plan participants to a general phone number, and website, rather than explaining how to actually enroll in COBRA.  To further compound the confusion, the Defendant COBRA Enrollment Notice contains no instructions on how to actually enroll if one calls the phone number, or visits the website.  The telephone number provided by Defendant in its COBRA Enrollment Notice is a "catch-all" number individuals can call with questions about anything benefit-related, including retirement funds, etc., as is the website.

59. This "catch-all" number is actually a phone number to a third-party administrator, Alight Solutions (an entity never identified in the COBRA notice), as is the website.

60. A "catch-all" number provided by Defendant and then routed to a third-party call center designed to answer anything HR-related simply cannot meet the strict informational statutory requirements of 29 C.F.R. § 2590.606-4(b)(4)(v) required of all COBRA notices as to enrollment. The same is true as to the generic website link provided. Merely directing individuals to a website link and assuming he/she will be able to figure out how to enroll in COBRA once the website is visited simply is very different than actually explaining how to enroll in COBRA.

61. Unlike the Defendant COBRA notice, the Model DOL notice provides a near fool-proof way to elect COBRA coverage by providing a physical election form to mail in, the date it is due, the name and address to where election forms should be sent, spaces for the names, social security numbers, and type of coverage elected by each plan participant or beneficiary. (Exhibit "A," p. 7).

62. Defendant COBRA Enrollment Notice simply does not contain "an explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made" as required by 29 C.F.R. § 2590.606-4(b)(4)(v). Merely telling Plaintiffs and the putative class members to call a generic 1-800 number, or visit a catch-all website, operated by a third-party and hope they are able to figure out how to enroll after they call is not what is legally required in a COBRA notice. Instead, the notice itself must contain information on how to enroll. Defendant's notice simply does not.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(vi) – Failure to Include Explanatory Information*

63. Exhibit "B" violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

64. For example, there is simply no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(i) – Failure to Identify Plan Administrator*

65. Plaintiffs were unable -- based on the content or Exhibits "B" and/or "C" -- to ascertain the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits.

66. Defendant was required to provide "in a manner calculated to be understood by the average plan participant ... the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits." 29 C.F.R. § 2590.606- 4(b)(4)(i).

67. Defendant's Notice, Exhibit "B," fails to comply with this straightforward requirement. Exhibit "C" doesn't contain this this information either.

68. Identifying who acted is the Plan Administrator is absolutely critical to know because "the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Griffin v. Neptune Tech. Group*, 2015 U.S. Dist. LEXIS 48000, 2015 WL 1635939, *9 (M.D. Ala. Apr. 13, 2015); (*citing to Hoffman v. R.F. Group*, 2015 U.S. Dist. LEXIS 88598, *12, 2015 WL 4139084 (M.D. Fla. May 20, 2015). Defendant notice omits this critical and legally required information.

*Violation of 29 C.F.R. § 2590.606-4(b)(4)(i) – Failure to Identify Name of Plan*

69. As set forth above, Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to identify the name of the plan under which continuation coverage is available, namely the "US Foods Health & Welfare Benefit Plan."

70. Defendant's Notice, Exhibit "B," fails to comply with this straightforward

requirement. This information is also missing from Exhibit "C."

71. Defendant's notice also omits this very basic, but critical and statutorily required information.

***Violation of 29 C.F.R. § 2590.606-4(b)(4) – Failure to Provide COBRA Notice Written in a Manner Calculated "To Be Understood By the Average Plan Participant"***

72. By failing to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v), coupled with the complete omission from Exhibit "B" of how to actually enroll in COBRA, the consequences for untimely payments, failure to include all required explanatory information, and even who the Plan Administrator is, or even the name of the Plan itself, Defendant cumulatively violated 29 C.F.R. § 2590.606- 4(b)(4).

73. This particular section mandates that employers, like Defendant, must provide a notice of continuation coverage written in a manner calculated "to be understood by the average plan participant." Without the aforementioned critical pieces of, Defendant's COBRA notice cannot be said to be written in a manner calculated "to be understood by the average plan participant." Thus, Defendant violated 29 C.F.R. § 2590.606-4(b)(4)(v).

## CLASS ACTION ALLEGATIONS

74. Plaintiffs bring this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the form attached as Exhibit "B," during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage**.

75. No administrative remedies exist as a prerequisite to Plaintiffs' claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

76. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is

13

impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

77. <u>Typicality:</u> Plaintiffs' claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiffs was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiffs received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

78. <u>Adequacy:</u> Plaintiffs will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

79. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

   b. Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

   c. Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

   d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

   e. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

80. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this

action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

81. Plaintiffs intend to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator, Alight Solutions.

## CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

82. Plaintiff reincorporates by reference paragraphs 22-81.

83. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

84. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

85. Plaintiffs and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

86. On account of such qualifying event, Defendant sent Plaintiffs and the Class Members a COBRA notice in the form attached hereto.

87. The COBRA notice that Defendant sent to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

88. These violations were material and willful.

89. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiffs and other Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

a. Designating Plaintiffs' counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant's expense;

c. Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

e. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

f. Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 14th day of January, 2020.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiff*